SARAH D. COLEMAN ET AL. v. RICHARD F. CORKEY, EXECUTOR

SUPERIOR COURT     NEW LONDON COUNTY     FILE NO. 17989.

Memorandum filed April 13, 1948.

*George C. Morgan* and *William J. Willets,* of New London, for the Plaintiffs.

*John J. McGarry,* of New London, and *William C. Fox,* of New Haven, for the Defendant.

TROLAND, J. On October 27, 1947, the Court of Probate for the District of New London admitted to probate a certain instrument as the last will of Honora C. Keating, together with a codicil thereto.

On November 12, 1947, four of the fourteen heirs-at-law of the deceased moved for an appeal from said decree to the Superior Court for New London County on the first Tuesday of December, 1947. This appeal was allowed on the 18th day of November, 1947.

The appellants were Sarah D. Coleman, Elizabeth A. Donahue, Robert C. Donahue and Richard H. Donahue and they joined in their appeals. Of the appellants, only Sarah D. Coleman filed a bond for costs and said Sarah D. Coleman filed a bond dated November 14, 1947, in the penal sum of $100 to be paid to the state, in which bond she, Sarah D. Coleman, was the principal and Robert C. Donahue of Groton was the surety.

The parties have orally stipulated that the Robert C. Donahue who signed as surety on the bond of Sarah D. Coleman is the same Robert C. Donahue who, on November 12, 1947, joined with Sarah D. Coleman and others in the appeal from the decree of the Court of Probate, discussed herein.

The appellee, Richard F. Corkey, Executor, has pleaded in abatement alleging that the appellants Elizabeth A. Donahue, Robert C. Donahue and Richard H. Donahue have failed to give a bond on appeal as required by law. The plea in abatement as to these named appellants is sustained on said grounds.

The appellee further pleads in abatement on the ground that the purported bond executed by the appellant, Sara D. Coleman, is void because said purported bond is not executed by a competent surety as required by law. The appellee claims, in effect, that, because Robert C. Donahue himself was an appellant from the same decree of the Probate Court as was Sarah D. Coleman, he was, for that reason alone, incompetent to be a sufficient surety on the bond of Sarah D. Coleman for costs.

This observation is highly technical rather than realistic. A probate bond on appeal is primarily and chiefly for the protection of the adverse party. It is not alleged and it does not appear that the appellee is not adequately protected by this bond, or that the surety, Robert C. Donahue, is not of sufficient financial responsibility. The fact that the surety also has appealed from the same action of the Court of Probate does not render this bond in fact insufficient. It is not claimed that the bond is thereby unenforcible. It is believed that a liberal construction is proper as to the effect and validity of probate bonds on appeal.

The rights of the appellant, Sarah D. Coleman, which she seeks to have ajudicated on the appeal may be substantial. The bond of Sarah D. Coleman, with Robert C. Donahue as surety, being sufficient in fact to afford to the appellee the protection of such claim for costs as he ultimately may have, persuades the court to overrule the technical challenge as to its sufficiency raised by the plea in abatement.

In arriving at this conclusion, the court is moved, in part, by the policy of our law that pleas in abatement are not favored.

Judgment may enter accordingly.